# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD T. CABACCANG,

        Defendant - Appellant.

No. 05-10353
D.C. No. CR-97-00095-02-DOC

**JUDGMENT**

**FILED**

DISTRICT COURT OF GUAM

JUL 27 2007

MARY L.M. MORAN
CLERK OF COURT

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES CABACCANG,

        Defendant - Appellant.

No. 05-10354
D.C. No. CR-97-00095-03-DOC

**JUDGMENT**

---

Appeal from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 03/30/07

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10353 |
| Plaintiff - Appellee, | D.C. No. CR 97-095-02 DOC |
| v. | |
| RICHARD T. CABACCANG, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10354 |
| Plaintiff - Appellee, | D.C. No. CR 97-095-03 DOC |
| v. | |
| JAMES CABACCANG, | |
| Defendant - Appellant. | |

Appeals from the District Court of Guam
David O. Carter, District Judge, Presiding

Argued and Submitted January 8, 2007
San Francisco, California

_____

*      This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

Before:     HUG, TASHIMA, and W. FLETCHER, Circuit Judges.

James Toves Cabaccang and Richard Toves Cabaccang appeal the sentences

imposed by the district court following our remand.[1]  In United States v.

Cabaccang, 332 F.3d 622 (9th Cir. 2003) (en banc) ("Cabaccang I"), we held that

the transport of drugs on a nonstop flight through international airspace from one

location in the United States to another does not constitute importation within the

meaning of 21 U.S.C. § 952(a).[2]  Id. at 623.  We therefore reversed the convictions

on all of the importation-related counts of Roy, James, and Richard (collectively

"Appellants") and remanded to the district court to reconsider Roy's conviction

for a continuing criminal enterprise.  Id. at 637.  We affirmed the judgment of the

district court on the counts that were not importation-related, adopting the

decisions of the three-judge panel with respect to those counts.  Id.

Appellants then filed a motion for clarification of the remand, asking us to

remand James' and Richard's convictions and sentences on Count II of the

---

[1]     The Cabaccangs are brothers.  For ease of reference, we will refer to them by their first names.  James' and Richard's appeals were consolidated and argued together, together with the appeal of their brother, Roy Toves Cabaccang. We address Roy's appeal, No. 05-10352, in a concurrently-filed separate opinion.

[2]     Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

-2-

indictment, conspiracy to distribute methamphetamine, and to remand Roy's conviction and sentence on Count VI, possession with intent to distribute methamphetamine. We denied the motion as to Count II but remanded Count VI. United States v. Cabaccang, 341 F.3d 905 (9th Cir. 2003) (en banc) ("Cabaccang II").

On remand, the district court concluded that our opinion and clarification order affirmed the non-importation-related convictions of James and Richard and that it accordingly lacked jurisdiction to resentence them. James and Richard contend that this was error. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Cabaccang I clearly stated that the convictions and sentences that were not importation-related were affirmed. Cabaccang I, 332 F.3d at 637. The remand order concerned only Roy, not James or Richard. See id. Cabaccang II denied Appellants' motion to remand James' and Richard's convictions on Count II. Cabaccang II, 341 F.3d at 905.

James' and Richard's reliance on United States v. Ruiz-Alvarez, 211 F.3d 1181 (9th Cir. 2000) (as amended), is unavailing. Unlike Ruiz-Alvarez, in which "resentencing was not inconsistent with the panel's decision," id. at 1184, resentencing here would have been directly contrary to the express language of our

-3-

decision. <u>See</u> <u>Mendez-Gutierrez v. Gonzales</u>, 444 F.3d 1168, 1172 (9th Cir. 2006) ("[W]e have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear."); <u>United States v. Pimentel</u>, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam) (Where "we expressly limited the scope of our remand to consideration of a single sentencing issue. . . , the district court was without authority to reexamine any other sentencing issues on remand.").

"The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." <u>United States v. Garcia-Beltran</u>, 443 F.3d 1126, 1130 (9th Cir.), <u>cert. denied</u>, 127 S. Ct. 319 (2006). Both <u>Cabaccang I</u> and <u>Cabaccang II</u> clearly limited the scope of the remand. The district court accordingly did not err in concluding that it lacked jurisdiction to resentence James and Richard. The judgments of the district court on remand are

**AFFIRMED.**

-4-